NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2957
_____

RICHARD L. BLANCHARD,
Appellant

v.

GALLICK, Counselor; TROUTMAN, Unit Manager; R. WOLEVER, Former
UM, 3A; KAMINKSI, Staff Member, Unit 3A; MATTOCK, Staff member, Unit
3A; VITALE, Counselor, Unit 3A; MOTTA, Administrative Remedy
Coordinator; WARDEN R. MARTINEZ; S. DODRILL, Philadelphia Office; H.
WATTS, D.C. Office

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-09-cv-01875)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed : October 14, 2011)
_____

OPINION
_____

PER CURIAM.

Richard L. Blanchard, a prisoner at the United States Penitentiary ("USP")

Allenwood, appeals pro se from an order granting defendants' motion to dismiss and for

summary judgment and denying his cross-motion for summary judgment, and from an order denying his motion for reconsideration. Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court. See 3d Cir. LAR 27.4; I.O.P 10.6.

I.      Background

Blanchard filed a Bivens[1] action against various employees of USP Allenwood, alleging that defendants: withheld or refused to assist him with filing grievances; refused to order subordinates to assist him with filing grievances; failed to protect him by assigning him cellmates that placed him at risk for harm; and refused to comply with his cellmate assignment requests based on his race. In support of his failure to protect claim, Blanchard explained that in December 2008, he was assaulted by his cellmate, Hayes, who was a member of the cripes gang. Since this assault, Blanchard asserts that defendants have placed him at risk for harm with the three subsequent cellmates assigned to him. In April 2009, Blanchard was assigned to share a cell with E. Owens, who was also a member of the cripes gang. Both Blanchard and Owens sought a cell reassignment, and in August 2010, Blanchard was assigned to a cell with inmate W. Allen. However, Blanchard requested that he be separated from Allen because Allen touched his arm and threatened him after Allen heard a potato chip bag make noise. Allen threatened Blanchard a second time, which resulted in Blanchard's placement in the Special Housing Unit, and Blanchard was assigned a new cellmate in September

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

2010. However, Blanchard was concerned about his new cellmate because his new cellmate mentioned the 2008 assault. Blanchard complained, and his new cellmate was "speed[ily]" removed from Blanchard's cell.

Defendants filed a motion to dismiss and for summary judgment. Defendants' motion included declarations from defendants Gallick, Kaminski, Matlock, Motta, Troutman, Vitale, and Wolever. The declarations noted that Blanchard has filed over 300 administrative complaints since he arrived at USP Allenwood in September 2002. Blanchard then filed a cross-motion for summary judgment. He did not request discovery, and the only additional evidence he presented was a declaration and a September 2010 letter to "Unit Manager Passaniti and/or Counselor Vitale" that outlined his cellmate history. The District Court granted defendants' motion and denied Blanchard's motion. Blanchard then filed a motion for reconsideration, which was denied. Blanchard timely appealed.

II.     Jurisdiction

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Summary judgment is granted when viewing the evidence in the light most

3

favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); Beers-Capitol v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001). We review an order denying a motion for reconsideration for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may affirm the District Court for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

III.    Discussion

A.    Dismissed Claims

To the extent Blanchard sued the defendants in their official capacity, the District Court properly dismissed these claims. An action against government officials in their official capacities constitutes an action against the United States; and claims against the United States are barred by sovereign immunity, absent an explicit waiver. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); Chinchello v. Fenton, 805 F.2d 126, 130 n.4 (3d Cir. 1986).

B.    Summary Judgment Claims

1.    Administrative Complaint Claims

The District Court properly granted summary judgment on claims regarding Blanchard's administrative complaints. A prisoner does not have the constitutional right to a prison grievance procedure. See Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) ("I do not suggest that the [prison grievance]

4

procedures are constitutionally mandated"); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). A prisoner, however, has a constitutional right of access to the courts. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). An access to the court claim requires that a prisoner demonstrate that defendants' actions prevented him from litigating a nonfrivolous, arguable legal claim. See id. at 205-06. Blanchard alleged that Gallick was lax with providing him forms to file administrative complaints; that Troutman and Wolever withheld his complaints; that Kaminski, Mattack, and Vitale refused to assist him with the administrative complaint forms; and that Motta, Martinez, Dodrill, and Watts withheld a complaint and should have ordered defendants Kaminski, Mattack, and Vitale to assist him in completing administrative complaint forms. Blanchard, however, has not presented any evidence to show that defendants' actions deprived him of the right to pursue a nonfrivolous legal claim.[2] Accordingly, summary judgment was properly granted.

2.     Equal Protection Claim

We agree with the District Court that Blanchard failed to present evidence that supported his claim that defendants violated his equal protection rights. "To bring a successful claim . . . for a denial of equal protection, [a] plaintiff[] must prove the existence of purposeful discrimination." Chambers ex rel. Chambers v. Sch. Dist. of

---

[2] At most, Blanchard alleged that Wolever blocked his medical administrative complaint no. 471779 from being filed in a timely manner. The District Court noted that Blanchard had raised an access to the court claim against Wolever regarding administrative complaint no. 471779, which was dismissed by the District Court for failure to state a claim and affirmed by this Court. See C.A. No. 10-4746.

Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009). This requires Blanchard to demonstrate that he received different treatment from that received by other individuals similarly situated. See id. at 196-97. Blanchard alleged that Gallick showed special treatment to Caucasian inmates, and not African-American inmates, in assigning cellmates. Blanchard, however, failed to support his conclusory allegation with any evidence. In contrast, Gallick, who was responsible for cell assignments, stated in his declaration that Blanchard "does not have any known separatees, therefore, he is able to be celled with any appropriate inmate." Gallick acknowledged that Blanchard had requested that he not share a cell with inmates from certain cities or members of certain gangs. Gallick stated that Blanchard's requested restrictions were impossible to meet, and that Gallick based cellmate assignments on several factors, including known separatees, criminal history, institution disciplinary history, and the nature of the housing space available. Blanchard's mere conclusory allegation, without more, cannot support a violation of equal protection. See Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972) ("Conclusory statements . . . [are] insufficient to avoid summary judgment."). Accordingly, the District Court properly granted summary judgment as to Blanchard's equal protection claim.

3. Failure to Protect Claim

The District Court properly rejected Blanchard's claim that Gallick and Troutman did not provide him protections in assigning cellmates. The Eighth Amendment imposes "a duty upon prison officials to take reasonable measures to protect prisoners from

6

violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A substantial risk of serious harm "may be established by much less than proof of a reign of violence and terror," but requires more than a single incident or isolated incidents. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). This does not require that an inmate must suffer an assault before obtaining relief. Id. Deliberate indifference is proven by showing that an official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

The record supports that Blanchard repeatedly requested new cellmate assignments and instructed that he not be assigned to share a cell with inmates from certain cities or members of certain gangs. Blanchard, however, has set forth no evidence that there was a serious threat to his safety. The evidence indicates that the extent of his altercations with his cellmates after the 2008 incident was two threats from Allen. These threats do not rise to the level of a substantial risk of serious harm to establish an Eighth Amendment violation. See Riley, 777 F.2d at 147. Moreover, the record does not demonstrate that defendants acted with deliberate indifference. After Allen threatened Blanchard for the second time, Blanchard was placed in the Special Housing Unit, and Blanchard was then assigned a new cellmate. Additionally, when Blanchard complained

7

about his September 2010 cellmate, his cellmate was quickly reassigned. Accordingly, the District Court did not err in granting summary judgment.

C.    Motion for Reconsideration

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677. A judgment may be amended if the party seeking reconsideration demonstrates that there is an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error law or fact or to prevent manifest injustice. Id. In his motion for reconsideration, Blanchard argued that his 300 administrative complaints filed since he has been at USP Allenwood demonstrate that there is "something . . . amiss here at [USP] Allenwood." He also complained that he had a right to discovery. The District Court properly concluded that Blanchard failed to present any new evidence and did not point to an improper legal argument or fact overlooked by the Court. Although Blanchard argued that he had a right to discovery, Blanchard did not demonstrate and the docket does not indicate that he filed any requests for discovery.[3] Thus, the District Court did not abuse its discretion in denying his motion for reconsideration.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] We agree with the District Court that it is puzzling that Blanchard filed a cross-motion for summary judgment if he wished to conduct discovery.

8